The facts are sufficiently stated in the opinion of the Court.
The defendant was convicted in the Mayor's Court of Morehead City for the violation of an ordinance of the town which required "every person, firm, or corporation in the State, soliciting or taking orders for goods at retail, to be delivered in the town by nonresident merchants, firms, or corporations resident in the State, to pay a tax of $10 per day or $30 per year." Defendant appealed to the Superior Court, in which a special verdict was returned by the jury finding that the defendant represented one A. A. Joseph, a merchant tailor or clothier of Goldsboro, N.C. and solicited and received orders in said town of Morehead City for tailor-made clothes, to be delivered to customers there, without having paid the tax imposed by the ordinance. Upon this finding the court held the ordinance to be invalid, directed a verdict to be entered accordingly, and discharged defendant; and the State appealed.
The Constitution, Art. V, sec. 3, authorizes the Legislature to tax trades, professions, franchises, and incomes, provided that no income shall be taxed when the property from which it is derived is taxed. In accordance with this article, the Legislature, by Private Laws 1905, ch. 254, sec. 12, provided that the Commissioners of Morehead City should have the power to levy and collect a fair and reasonable special or license tax, and among others, on the following subjects: "Itinerant merchants, peddlers, and transient dealers, drummers or commercial *Page 513 
travelers, and every agency for the sale of merchandise not manufactured in the town, and all other subjects taxed by the State." The ordinance in question was enacted under authority supposed to have been given in the passage we have taken from the amended charter of the town, and we are to say whether it is valid or not.
The Constitution (Art. V, sec. 3) provides that "Laws shall be passed taxing, by a uniform rule, all moneys, credits, investments in bonds, stocks, joint-stock companies or otherwise, and also all real and personal property, according to its true value in money," and there is conferred in the same section the power to tax trades, professions, and so forth, as above set out.
This Court has held that the rule of uniformity applies to (613) the latter provision as much as to the former, although there are no express words to that effect in the section, it being considered that a tax not uniform, as properly understood, though levied on trades, professions, or privileges, would be so inconsistent with natural justice, and with the intent so apparent in the section we have quoted, that its collection would be restrained as unconstitutional. Gatlin v. Tarboro,78 N.C. 119; Worth v. R. R., 89 N.C. 291. And this may be taken as the settled construction of the section.
It may also be considered as settled that, in laying the tax, the different subjects may be reasonably, though not arbitrarily, classified, and a different rule of taxation prescribed for each class, provided the rule is uniform in its application to the class for which it was made. R.R. Tax Cases, 92 U.S. 575; R. R. v. Worth, supra. As stated in those cases, the result must be to prevent discrimination among the individuals or subjects of any one class, based upon special privileges, immunities, or exemptions allowed to one and not to the others. If an ordinance, therefore, is not founded upon this fair and just basis, it will be deemed unreasonable and violative of the fundamental principle of taxation.
Constitutional and legislative authority conferred upon a municipality to tax does not enable it to create a privilege for the purpose of taxing it, or to discriminate between persons exercising the same privilege, by imposing a tax upon one of a class at a higher rate, in a different mode, or upon other principles than one applied to the exercise of the same privilege by others of the same class. The power to tax extends no further than is permitted by its charter, and any attempt to impose burdens upon some of a class from which others are exempted would be void, as being beyond the granted powers of the municipality, and as an exercise of partial legislation. Nashville v. Althrop, 45 Tenn. 554; Cooley's Const. Lim., 390. *Page 514 
The defendant can be held liable to taxation as a merchant, under the general laws of the State or of the municipality, in the same manner and to the same extent as all other merchants of the same class exercising these privileges within the corporation, but not otherwise, or farther than they.
When the by-law of a municipal corporation, enacted under (614) a general grant of power or by virtue of its incidental authority, is partial, unreasonable, or oppressive, it will be declared void, as an unwarranted exercise of its taxing power. Simrall v. Covington,90 Ky. 444. "Municipal by-laws must also be reasonable. Whenever they appear not to be so, the Court must, as a matter of law, declare them void. . . . So a by-law, to be reasonable, should be in harmony with the general principles of the common law." Cooley on Const. Lim., 200, 202. "As it would be unreasonable and unjust to make, under the same circumstances, an act done by one person penal, and if done by another not so, ordinances which have this effect cannot be sustained. Special and unwarranted discrimination, or unjust or oppressive interference in particular cases, is not to be allowed. The powers vested in municipal corporations should, as far as practicable, be exercised by ordinances general in their nature and impartial in their operation." 1 Dillon Mun. Corp., sec. 322. As said in Simrall v.Covington, supra: "The above views are enforced in Mobile v. Yuille,3 Ala. 137; Robinson v. Franklin, 1 Hump., 156; Anderson v. Wellington, 40 Kansas, 173, and many other cases that might be cited. All recognize the rule, which is fundamental, that the by-laws of a municipality, whether they purport to regulate callings or otherwise, must, as indeed must every law, preserve equality of right. Those exercising the same privilege must be treated alike. The door must be closed to none by discrimination, if we would avoid monopoly and wrong. This principle is as necessary to sound legislation as the circulation of the blood is to the human system, or the flow of tide-water to the ocean. It has produced a line of decisions which are universally regarded as sound by the courts of the country. Thus, in Ex parte Frank, 52 Cal. 606, an ordinance of a city, passed under a general charter power, exacting a license for selling goods, and fixing one rate for selling goods at the time within the city and another and much larger for those without, was held invalid, as unjust, partial, and oppressive. InMayor, etc., of Nashville v. Athrop, 45 Tenn. 554, an ordinance discriminating between merchants and other dealers residing within and those without the limits of the city, and prescribing a special (615) rate of taxation for the latter, was declared to be beyond the limit of constitutional legislation. In this State we have no *Page 515 
constitutional provision as to taxation eo nomine, but it is the settled constitutional rule, declared by oft-repeated decisions of this Court, that every tax must be certain, universal, and, so far as practicable, equal and uniform. Burdens cannot constitutionally be imposed upon particular individuals, while others of the same class or locality who have rendered no public service are exempt."
Simrall v. Covington, supra, is directly in point, as will appear from this extract: "The ordinance now in question not only discriminates between residents of the city of Covington and those residing outside of it, whether within or without the State, but it places a burden upon some within the city, while others of its residents engaged in a like business are exempt. It is, therefore, unreasonable, partial legislation. To be reasonable, a municipal by-law should be equal in its operation. Tugman v.Chicago, 78 Ill. 405; Barling v. West, 29 Wis. 307. This one being clearly an infringement of individual right, partial and unreasonable in its character, cannot be sustained." This doctrine appears to have been adopted by practically all the courts and is clearly founded in reason and justice.
Some courts hold that such an ordinance is invalid because it authorizes the taking of one citizen's property for the benefit of the public, and, worse still, for private use or advantage, without just compensation. St.Charles v. Nolle, 51 Mo., 122. But a sufficient reason, under our Constitution, is that the discrimination in favor of the resident of the town and against the nonresident violates the rule of uniformity. It has been held that such distinctions between the inhabitants of the State, based upon no other ground than the place of actual residence, are in restraint of trade, invidious, unjust, and illegal. Muhlenbrinck v. LongBranch, 13 Vroom, 364.
Ordinances passed in the exercise of the police power or for the purpose of revenue, and intended to regulate or control the sale of articles in a town or city, or in other matters, must, of course, be reasonable, and it belongs to the courts to determine what are reasonable regulations within the power granted by charter. Kipp v. Paterson, 2 Dutcher, 298; Morgan v. Orange, 50 N. J., 389. In the (616) case last cited, it was held that an ordinance imposing a larger license fee on a nonresident than on a resident was illegal, as being discriminating and, therefore, unreasonable. Other decisions to be examined, and which seem to be directly in point, are: Atlanta v. Jacobs,125 Ga. 523; Ex parte Frank, 52 Cal. 606; Saginaw v. Circuit Judge,106 Mich. 32; Clements v. Casper, 4 Wyo. 494; Pacific Junction v. Dyer,64 Iowa 38; Shamokin v. Flannigan, 156 Pa. St., 43; Indianapolisv. Bieler, 138 Ind. 30; Grafty v. Rushville, 107 Ind. 502; *Page 516 Fecheimer v. Louisville, 84 Ky. 306. "The corporation is not endowed with power to pass ordinances in restraint of trade. Kipp v. Paterson, supra;Dunham v. Rochester, 5 Co., 462. The control it may exercise over business and trade is such only as belongs to the necessities and demands of local government, such as have relation to the general prosperity of the citizen, the public health, order and morals of the community. It cannot, outside of these considerations, enter into the arena of business competition, to advance a favored class and retard others. All citizens in pursuit of legitimate, honest occupations, stand equal before the law, and a police power entrusted to a corporation is unreasonably exercised in making invidious distinctions between citizens endowed with equal rights. It is incompetent for this board of commissioners, entrusted as it is with the rule in local municipal affairs, to erect walls of exclusion against citizens without its limits, or obstruct free commerce and trade between them and its own inhabitants." Huhlenbrinck v. Commissioners, 42 N.J.L. 364.
It seems to us that the ordinance in question is aimed at nonresidents, and there is room for the reasonable suspicion that it was designed principally for the benefit of residents in erecting a barrier against the introduction of foreign trade, for their protection. It is, therefore, open to the just criticism that it is discriminative, in restraint of trade, and not authorized by the terms of the Constitution, which were intended to secure equality in such matters. Saginaw v.Circuit Judge, supra. "Municipalities are not in any sense close corporations. They are not vested with rights of local legislation in order that they may arrogate to their own inhabitants additional rights and (617) privileges to those enjoyed by other citizens of the State or Nation. Neither may rights be denied to its citizens and still allowed to be exercised by nonresidents who may come within the corporate limits. Discrimination against residents is equally odious as discrimination in their favor." Horr and Bemis on Mun. Police Ordinances, sec. 137.
We conclude, therefore, that the ordinance of Morehead City, under which the defendant was charged criminally before the justice, is invalid, in that "it spends its whole force on nonresidents and spares residents entirely." The Superior Court properly directed that a verdict of not guilty be entered upon the findings of the jury. The defendant was entitled to his discharge.
No error.
Cited: Mercantile Co. v. Mount Olive, 161 N.C. 125. *Page 517