THE GREAT ATLANTIC AND PACIFIC TEA COMPANY ET AL. v. RUFUS A. DOUGHTON, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

(Filed 10 October, 1928.)

**1. Taxation — Constitutional Requirements and Restrictions — Uniform Rule and Ad Valorem.**

The North Carolina constitutional requirement that taxes for revenue only should be levied on property by a uniform rule according to its true value in money, Article V, section 3, is very broad in the legal significance of the language used, and includes both tangible and intangible property, and taxes on "trades, professions, franchises, and incomes."

**2. Same—Classification of Property, Trades, and Franchises, Etc.**

·· While the subjects of taxation may be classified by the Legislature under the uniform rule prescribed by the Constitution, Article V, section 3, and under the "equal protection clause" of the Constitution of the United States, Fourteenth Amendment, section 1, the classification must not be arbitrary or unjust, but must be based on substantial and reasonable differences between such classes.

**8. Same—"Chain Stores."**

Chapter 80, section 162, Public Laws of 1927, which imposes a license tax of fifty dollars each on stores operated in this State when there are six or more such stores under the same management, but which imposes no such tax on other mercantile establishments doing the same business when there are less than six stores under one management, is an arbitrary classification, and unconstitutional.

STACY, C. J., and CLARKSON, J., concurring.

APPEAL by defendant from *Cranmer, J.,* at February Term, 1928, of WAKE. Affirmed.

The above-entitled action was begun in the Superior Court of Wake County on 5 December, 1927, to recover money paid by each of the plaintiffs to defendant, Commissioner of Revenue of North Carolina.

The said money was paid as a license tax for the privilege of maintaining and operating in this State chain stores as defined by statute. The money was demanded of plaintiffs by defendant under and by virtue of the provisions of section 162 of chapter 80, Public Laws 1927. Prior to the commencement of this action each of the plaintiffs had complied with the requirements of section 464 of chapter 80, Public Laws 1927. It was agreed by and between plaintiffs and defendant that plaintiffs might join in one action, rather than bring separate actions, for the recovery of the money paid by each of the plaintiffs.

Plaintiffs demand the return to them of said money upon the ground that the statute, under and by virtue of which it was demanded and paid, is null and void, (1) for that said statute contravenes section 3 of Article V of the Constitution of North Carolina, and (2) for that its enactment by the General Assembly of this State was in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States.

By consent, a trial by jury of the issues of fact arising upon the pleadings was waived, and the court heard the evidence offered by both plaintiff and defendant, and from said evidence found the facts in controversy. Upon these facts, and the facts admitted in the pleadings, the court was of opinion that section 162 of chapter 80, Public Laws 1927, the statute under and by virtue of which the money was demanded and paid, is null and void.

In accordance with this opinion, judgment was rendered that plaintiff recover, each, the money paid to defendant, as a license tax, together with penalties collected, interest and costs.

From this judgment defendant appealed to the Supreme Court.

*Sullivan & Cromwell and Tillett, Tillett & Kennedy for The Great Atlantic and Pacific Company.*

*Pender, Way & Foreman and McLean & Stacy for The David Pender Grocery Company.*

*Perry & Kittrell for Rose's Five, Ten and Twenty-five-cent Stores, Incorporated.*

*Davis, Auerback & Correll and Pou & Pou for F. W. Woolworth Company.*

*Gwinn & Pell and Pou & Pou for J. C. Penny Company.*

*Douglass, Armitage & McCann and Pou & Pou for G. R. Kenny Company, Inc.*

*Murray Allen for Milner Stores, Inc., L. S. Hereford Company, Inc., and Guilford-Forsyth Grocery Company.*

*W. C. Newland for Carolina Stores, Inc.*

*Tillett, Tillett & Kennedy for L. B. Price Mercantile Company.*
*R. H. Sykes for M. Samuels Company.*
 *Attorney-General Brummitt and Assistant Attorneys-General Nash and Siler for defendant.*

CONNOR, J. This appeal was duly docketed in this Court at Spring Term, 1928, after the call of appeals from the Seventh Judicial District. It was heard on 3 May, 1928, pursuant to a special order. Full and exhaustive briefs were filed in behalf of both appellant and appellees. The contentions of the parties were fully and ably presented at the hearing by their respective counsel in their oral arguments. The question to be decided by this Court involves the validity of a statute duly enacted by the General Assembly of this State, for the purpose of raising revenue for the payment, in part, of the expenses of the State Government, and of appropriations for the support of the State's educational, charitable and penal institutions and for other State purposes. Section 443, chapter 80, Public Laws 1927. The validity of the statute is challenged by the plaintiffs in this action upon the ground that it is in violation of provisions of both State and Federal Constitutions, and therefore null and void. In view of the importance of this question, both to plaintiffs and to the State, the appeal was continued, upon an advasari, to this term. After a careful examination of authoritative decisions of the Supreme Court of the United States, and also of decisions of this Court, and of courts of other States, pertinent to the question to be decided, we have concluded that there was no error in the trial of the action in the Superior Court of Wake County. Appellant's assignments of error in this court cannot be sustained. The judgment is therefore affirmed.

Plaintiffs are retail merchants, engaged in business in this State. Some of them are corporations; the others are partnerships. The partnerships are composed of citizens of this State. Some of the corporations are organized under the laws of this State; others are organized under the laws of other States. All of the latter have domesticated under the laws of this State, and are therefore authorized to do business in this State. Each of the plaintiffs maintain and operate in this State six or more stores or mercantile establishments, all under the same general management, supervision or ownership, by means of which they carry on their business as retail merchants. Plaintiffs have paid all taxes levied upon or assessed against them or their property, for which they were liable, under the laws of this State, prior to the commencement of this action. The stores maintained and operated by plaintiffs do not increase fire hazards, do not endanger the health or morals of the communities in which they are established, and do not require increased or additional police protection, different from stores maintained and

operated by other merchants doing a like or similar business, who are not required by the provisions of section 162 of chapter 80, Public Laws 1927, to pay a license tax. The license tax demanded of plaintiffs and paid by them, under and by virtue of said statute, is not imposed in the exercise of the police power of the State; it is imposed upon persons, firms, corporations, or associations who are, by the terms of the statute, liable therefor, in the exercise of the power to levy taxes solely for revenue purposes.

Each of the plaintiffs has paid the license tax demanded by the defendant, Commissioner of Revenue of North Carolina, under and by virtue of the provisions of section 162 of chapter 80, Public Laws 1927, which is as follows:

"Section 162. *Branch or chain stores.* That any person, firm, corporation, or association operating or maintaining within this State, under the same general management, supervision or ownership, six or more stores or mercantile establishments, shall pay a license tax of $50 for each such store, or mercantile establishment in the State, for the privilege of operating or maintaining such stores or mercantile establishments."

There are merchants doing a like or similar business within this State as that done by plaintiffs, who are not required by the provisions of this statute to pay a license tax, for the reason that they maintain and operate less than six stores or mercantile establishments by means of which they carry on their business. These merchants are exempt by the statute from the payment of any license tax; they exercise the same privilege as that exercised by the plaintiffs, without paying to the State any license tax for such privilege. The only real and substantial difference between merchants who are required, and those who are not required, to pay a license tax to the State for the privilege of carrying on their business, under and by virtue of the statute, is the number of stores or mercantile establishments maintained or operated by them. Plaintiffs and other merchants who maintain or operate within this State, under the same general management, supervision or ownership, six or more stores or mercantile establishments, are required by the statute to pay a license tax for each such store or mercantile establishment, including the five, which if they did not maintain or operate as many as six, would be exempt from any license tax.

Each of the plaintiffs has paid, under protest in writing, the license tax for which under the terms of the statute it is liable, as required by the defendant, Commissioner of Revenue of North Carolina. Having complied with all the requirements of section 464 of chapter 80, Public Laws 1927, by this action they demand the return to them of the money so paid. They allege and contend that upon the face of the statute, and

upon the facts admitted in the pleadings and found by the court, from the evidence, the classification made in the statute, for the purpose of taxation only, is arbitrary, unreasonable and unjust, there being no real and substantial difference between the plaintiffs, who are required to pay, and other merchants, doing a like or similar business, who are not required to pay, a license tax for the privilege of carrying on their several businesses.

Section 3 of Article V of the Constitution of North Carolina provides that "laws shall be passed taxing, by a uniform rule, all moneys, credits, investments in bonds, stocks, joint-stock companies, or otherwise; and, also, all real and personal property, according to its true value in money." It is held in *Redmond v. Commissioners*, 106 N. C., 122, 10 S. E., 845, that the words "all real and personal property" used in the second clause of said provision are to be taken in their most comprehensive legal import; they include every kind of real and personal property whatever, not excepting the several classes of personal property expressly mentioned in the first clause of said provision. The rule of uniformity, as expressly prescribed in the Constitution, applies to taxes on all property, real and personal, tangible and intangible. The General Assembly, in which is vested the legislative power of the State, in passing laws taxing property is required by the Constitution not only to observe the rule of uniformity both as to rate of taxation and as to assessment of property taxed, but also to provide for the assessment of all property, subject to taxation, according to its true value in money. All taxes upon property in this State for the purpose of raising revenue for State, county or municipal purposes have been imposed and levied in strict conformity to this well settled principle.

It is further provided in said section that "The General Assembly may also tax trades, professions, franchises, and incomes." There are no restrictions or limitations in said provision or elsewhere in the Constitution, upon the power of the General Assembly to tax trades, professions, franchises and incomes, except that the rate of tax on incomes shall not in any case exceed six per cent, and that certain exemptions from said tax shall be allowed. The rule of uniformity, prescribed by the express language of the Constitution with respect to taxes on property, is not expressly applied therein to such taxes, as the General Assembly, in the exercise of its legislative discretion and judgment shall impose on trades, professions, franchises, and incomes. However, it has been held by this Court, in *S. v. Williams*, 158 N. C., 610; 73 S. E., 1000, that the rule of uniformity applies to such taxes as well as to taxes on property, it being considered, says *Walker, J.,* "that a tax not uniform, as properly understood, would be so inconsistent with natural justice and with the intent so apparent in the section we have quoted (viz., section 3 of

Article V), that its collection would be restrained as unconstitutional. *Gatlin v. Tarboro,* 78 N. C., 119; *Worth v. R. R.,* 89 N. C., 291. And this may be taken as the settled construction of this section."

There have been no subsequent decisions of this Court overruling, modifying, or to any extent calling in question this statement of the law. The principle is recognized by the General Assembly, and is generally followed by it in passing laws taxing trades, professions, franchises and incomes. It must be assumed that if, in any instance, the principle has been violated, such violation was inadvertent on the part of the General Assembly and not with a purpose to violate it, or to question its validity.

Notwithstanding, however, that the rule of uniformity, applied in the Constitution to taxes on property, has also been held as applicable to taxes on trades, professions, franchises and incomes, when imposed by the General Assembly in the exercise of its legislative discretion and judgment, the power of the General Assembly to classify the subjects of such taxation, whether the taxation be for the sole purpose of raising revenue, or under the police power, has been fully recognized, and is well settled by authoritative decisions of this Court. The power to classify, however, must be exercised subject to the limitation that classifications, for the purpose of taxation, must not be arbitrary, unreasonable or unjust. There must be some real and substantial difference to justify the classification.

In *S. v. Williams, supra,* it is said that it may be considered as settled that, in laying the tax, the different subjects may be reasonably, though not arbitrarily, classified, and a different rule of taxation prescribed for each class, provided the rule is uniform in its application to the class for which it was made.

In *Land Co. v. Smith,* 151 N. C., 70, 65 S. E., 641, it is said that the power of the General Assembly in the matter of classification is very broad and comprehensive, and that such power is subject only to the limitation that the classification must be made upon some "reasonable ground"; to justify the exercise of the power there must be something that bears a just and proper relation to the attempted classification; there must not be a mere arbitrary selection by the law-making body.

Whether section 162 of chapter 80, Public Laws 1927, contravenes section 3 of Article V of the State Constitution, must therefore be determined by a consideration of the contention of plaintiffs that the classification attempted to be made therein, for purposes of taxation, is arbitrary, unreasonable and unjust, and that the statute is therefore null and void. The principles of law applicable are clear and well settled; it only remains to determine whether this contention must be sustained upon the ground that the classification attempted to be made ren-

ders the tax imposed invalid. Before determining this question we shall consider the further contention of plaintiffs that the enactment of this statute is in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States, for that by the terms of the statute plaintiffs are deprived of the equal protection of the law, contrary to the provision of said section that no State shall "deny to any person within its jurisdiction the equal protection of the laws." In deciding the question presented by this contention, decisions of the Supreme Court of the United States, pertinent thereto, are controlling upon us and must be accepted as authoritative.

In *Louisville Gas & Electric Co. v. Coleman,* decided by the Supreme Court of the United States on 30 April, 1928, it is said by *Souther-land, J.,* writing for the Court:

"The equal protection clause, like the due process of law clause, is not susceptible of exact delimitation. No definite rule in respect of either, which automatically will solve the question in specific instances, can be formulated. Certain general principles, however, have been established in the light of which the cases as they arise are to be considered. In the first place, it may be said generally that the equal protection clause means that the rights of all persons must rest upon the same rule under similar circumstances, *Kentucky R. Tax Cases,* 115 U. S., 321, 337, 29 L. Ed., 414, 419; *Magoun v. Illinois Trust and Savings Bank,* 170 U. S., 283, 293, 42 L. Ed., 1037, 1042, and that it applies to the exercise of all the powers of the State which can affect the individual or his property, including the power of taxation. *Santa Clara County v. So. Pac. R. Co.,* 18 Fed., 385, 388-399, *Re Railroad Tax Cases,* 13 Fed., 722, 723. It does not, however, forbid classification; and the power of the State to classify for purposes of taxation is of wide range and flexibility, provided always that the classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' *F. S. Royster Guano Co. v. Virginia,* 253 U. S., 412, 415, 64 L. Ed., 989, 990; *Airway Electric Appliance Corp. v. Day,* 266 U. S., 71, 85, 68 L. Ed., 169, 177; *Schlesinger v. Wisconsin,* 270 U. S., 230, 240, 70 L. Ed., 557, 564, 43 A. L. R., 1224. That is to say, *mere* difference is not enough; the attempted classification must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis." See, also, *Quaker City Cab Co. v. Commonwealth of Pennsylvania,* decided on 28 May, 1928, in which *Butler, J.,* also writing for the Court, says: "The equal protection clause does not detract

from the right of the State justly to exert its taxing power, or prevent it from adjusting its legislation to differences in situation, òr forbid classification in that connection, but it does require that the classification be not arbitrary, but based on a real and substantial difference having a reasonable relation to the subject of the particular legislation. *Power Co. v. Saunders,* 274 U. S., 490, 493, 71 L. Ed., 1165."

It will be observed from the authorities hereinbefore cited that, while the power of the General Assembly to make classifications, for purposes of taxation, is recognized, both by the Supreme Court of the. United States and by this Court, it is held by this Court that such classification, when arbitrary, unreasonable and unjust, contravenes the provisions of section 3 of Article V of the State Constitution, and by the Supreme Court of the United States that classifications subject to the same condemnation are in violation of the equal protection clause of section 1 of the Fourteenth Amendment to the Constitution of the United States.

The principles of law applicable to a decision of the question here presented being well settled, it only remains for us to decide whether the classification made in section 162 of chapter 80, Public Laws, by virtue of which plaintiffs are required to pay a license tax, and other merchants, doing a like or similar business within this State, are not required to pay such tax, can be sustained, either upon the face of the statute, or upon the facts admitted in the pleadings and found by the court below. We concur with the opinion of the Superior Court of Wake County that the classification cannot be sustained either upon the face of the statute or upon the facts admitted in the pleadings and found by the court.

The classification made in the statute, by which a license tax is imposed upon retail merchants, who maintain or operate, under the same general management, supervision or ownership, six or more stores or mercantile establishments, and by which other retail merchants, who maintain or operate a less number of stores or mercantile establishments than six are exempt from such tax, cannot be held as founded upon a real and substantial difference between the two classes. The classification attempted for the purpose of imposing a license tax upon merchants falling within one class, and exempting merchants falling within the other class is, we think, under the authorities, clearly arbitrary, and if enforced would result in depriving merchants who are within the first class, of the equal protection of the laws of this State. It is immaterial that persons, firms, corporations or associations, liable under the terms of the statute for a license tax, are designated therein as owners of chain stores. Their business differs from the business of other merchants, not taxed by the statute, only in matters of detail and methods of buying and selling merchandise. No question of public policy with reference to

chain stores is presented on this record. The statute whose validity is challenged by plaintiffs was enacted by the General Assembly solely for the purpose of raising revenue; it is so admitted by the parties to this action; there is no suggestion in the statute, or upon the facts disclosed at the trial to the contrary. The license tax imposed by this statute and paid by the plaintiffs, who under the admitted facts are included within the class made liable for a license tax, is illegal, for the reason that the statute is in violation of the Constitution, both of this State and of the United States. Each of the plaintiffs is entitled to recover the money paid to the defendant as a license tax.

There was no error on the trial of this action in the Superior Court of Wake County. The judgment is

Affirmed.

STACY, C. J., concurring: It is provided by section 162, chapter 80, Public Laws 1927, that any person, firm, corporation or association operating or maintaining within this State, under the same general management, supervision or ownership, six or more stores or mercantile establishments, shall pay a license tax of $50 for each such store or mercantile establishment so operated or maintained in this State.

It will be observed that the tax in question is not laid on chain stores *per se* nor on the business of operating chain stores. It is directed only against the operation or maintenance, within this State, of six or more stores, or mercantile establishments, under the same general management, supervision or ownership. Five or any less number of such stores or establishments may be operated or maintained free from any tax under the statute, but if the number be increased to six, then not only is the sixth one taxed, but the first five also. Hence the tax would seem to be directed against six or more stores or mercantile establishments operated or maintained under the same general management, supervision or ownership. Any number of stores may be maintained as chain stores without liability to the tax, provided not more than five are operated under the same general management, supervision or ownership. This, to my mind, is an arbitrary distinction and denies to the plaintiffs the equal protection of the laws.

CLARKSON, J., concurring: The vice of the license tax to my mind is in the fact that when the sixth store is taxed it is retroactive, and not only is the sixth store taxed but the first five also.