L. C. ROACH, TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF CITY PLUMBING AND HEATING COMPANY, v. CITY OF DURHAM, AND J. T. STILL, PLUMBING AND HEATING INSPECTOR FOR THE CITY OF DURHAM.

(Filed 26 April, 1933.)

1. Constitutional Law C b—Ch. 52, Public Laws of 1931, regulating plumbers and heaters is a valid exercise of police power.

Chapter 52, Public Laws of 1931, which provides that persons desiring to engage in the plumbing and heating business shall apply to a State board therein created for examination and license and that applicants shall pay a certain fee which shall be used to pay the expense of the

State Board, and that any surplus remaining shall be paid into the State Treasury, shows the intent of the Legislature to impose a privilege or license tax for the maintenance of the State Board, and the act is not primarily a revenue measure, and it is a valid exercise of the police power of the State for the protection of the health, comfort and safety of the public by regulating this specialized business in the interest of sanitation and proficiency.

**2. Statutes B a—**

Where a statute does not in express words state that it is in the exercise of the police power, but such intention plainly appears from a proper construction, it will be so declared, and the Legislative intent given effect with the least interference with the rights of individuals.

**3. Taxation A c—Uniform rule applies to privilege and license taxes.**

While the Constitution, Art. V, sec. 3, does not expressly apply to trades and professions, it is held that the rule of uniformity in taxation also applies to them, but the rule does not prohibit the classification of trades and professions for taxation when the classification applies uniformly to all of a class and the classification is not arbitrary or unjust.

**4. Same—Classification of plumbers according to population of cities in which they operate held valid.**

A statute imposing a license or privilege tax on persons engaged in the plumbing and heating business, but exempting from its operation persons engaged in the business in towns under a certain population is held not to be unconstitutional as creating an unjust, unreasonable or arbitrary classification, the classification by population not being of itself unjust, unreasonable or arbitrary, and the tax being levied equally and uniformly on all persons of the same class.

**5. Constitutional Law G c—**

A statute requiring the examination and licensing of persons engaged in the plumbing and heating business in towns over a certain population does not create a monopoly, all persons being entitled to apply for license and being entitled thereto if they possess the required degree of skill and knowledge.

**6. Constitutional Law C b—**

The provisions of chapter 52, Public Laws of 1931, that a firm or corporation may engage in the plumbing and heating business provided one or more persons connected therewith is registered and licensed is valid.

APPEAL by plaintiff from *Barnhill, J.,* at Chambers. From DURHAM. Affirmed.

This is a suit for a mandatory injunction to compel the defendants to issue the plaintiff a license to enter into or carry on the business of plumbing in the city of Durham.

At the session of 1931 the General Assembly passed an act to license persons engaging in the plumbing and heating contracting business. Public Laws, 1931, chap. 52.

Under an ordinance of the city a person engaged in the business of plumbing is required to secure a permit from the city inspector. On 27 September, 1932, the plaintiff applied for a permit and the inspector under direction of the city council refused to issue it for the reason that the plaintiff had not complied with the act of 1931, *supra,* and had not procured a license after examination by the State Board.

The plaintiff then brought this suit and Judge Barnhill found the facts and rendered the following judgment:

The city of Durham is a municipal corporation having a population in excess of 5,000; the plaintiff is a citizen and resident of the city of Durham and has been engaged in the plumbing business in said city for several years and was so engaged prior to 27 February, 1931, the 'date on which chapter 52 of the Public Laws of 1931, became effective. The plaintiff has never been licensed by the State Board of Examiners of Plumbing and Heating Contractors as required by chapter 52 of the Public Laws of 1931. On 27 September, 1932, he made application to the defendant, city of Durham, through its plumbing and heating inspector for a permit to install certain plumbing in a building in the city of Durham; the defendant city, acting through the said plumbing and heating inspector, declined to issue said permit for the reason that the plaintiff had not complied with chapter 52 of the Public Laws of 1931.

Upon the foregoing findings of fact the court is of the opinion that chapter 52 of the Public Laws of 1931, is constitutional, and for that reason the court is of the opinion that the plaintiff is not entitled to a mandatory injunction, and this action is dismissed and the plaintiff will pay the cost to be taxed by the clerk.

The plaintiff excepted and appealed to the Supreme Court.

*Brawley & Gantt for plaintiff.*
*S. C. Chambers for city of Durham.*
*McLendon & Hedrick for State Board of Examiners.*

ADAMS, J. At the session of 1931 the General Assembly enacted a series of statutes entitled "An act to create a State Board of Examiners of Plumbing and Heating Contractors, and to license persons engaging in the Plumbing and Heating Contracting Business." Public Laws, 1931, chap. 52.

The act provides that the board shall consist of five members to be selected as therein provided, shall have a common seal, shall formulate rules to govern its actions, shall keep a record of its proceedings and a register of all applicants for examination, and on or before the first

day of March of each year shall submit to the Governor a report of its activities for the preceding year and file a copy of its report with the Secretary of State.

Section 6 is as follows: "All persons, firms or corporations desiring to enter into or carry on the plumbing and/or heating contracting business, shall first apply to the board for examination and license, at least thirty days prior to engaging in said business, said application to be accompanied by certified check in the sum of fifty dollars; *Provided,* that the requirements of this section shall not apply to persons engaged in the plumbing and/or heating business, in towns or cities having a population of not more than thirty-five hundred." (Durham has a population of more than 50,000.)

Licenses may be issued, renewed, revoked, and reissued; but any person, firm, or corporation carrying on the business of plumbing or heating without a license shall be guilty of a misdemeanor. A corporation or partnership may engage in the business, provided one or more persons connected with the corporation or partnership is registered and licensed as the act requires. License fees must be paid in advance and out of this fund shall be paid the compensation and expenses of the members of the board, the salaries of its employees, and other expenses; but upon payment of the necessary expenses of the board and the retention by it of twenty-five per centum of the remainder collected, the residue, if any, shall be paid to the State Treasurer. The fee of those doing business in towns of less than five thousand inhabitants is twenty-five instead of fifty dollars.

The plaintiff contests the validity of this act on the ground that it was enacted in violation of the organic law both of the State and of the United States, and rests his argument on these two propositions: (1) The act is not within the police power of the State; (2) it creates an unreasonable, unjust, and arbitrary classification of persons engaging in the designated business.

The first proposition raises the question whether the tax imposed by the act is a privilege tax, or a revenue measure. If it is designed primarily to raise revenue it is not within the scope of the police power. *S. v. Bean,* 91 N. C., 554. In the determination of this question we should give the statute such a construction as will carry out the purpose and intention of the Legislature with the least interference with the rights of the plaintiff. Black on Interpretation of Laws, 482; *Manly v. Abernathy,* 167 N. C., 220.

Construing chapter 52 in its entirety we are unable to discover a legislative intent to raise revenue by the levy of a tax. By reference to section 13 it will be seen that all license fees shall be held as a fund for the use of the State Board of Examiners. This fund is reserved for

the payment of all expenses incurred by the board under the terms of the act, and only the residue, if any, is to be paid into the treasury of the State. It is obvious, in our opinion, that the pervading intent is to provide for the maintenance of the board and not to impose a tax as a part of the general revenue of the State and thereby exclude the operation of the police power. This power is broad and comprehensive, and upon its proper exercise depend the life, safety, health, morals, and comfort of the citizen. It is justified by the maxim, *salus populi suprema lex,* and the fundamental law is the only limit to its exercise. *S. v. Moore,* 113 N. C., 698; *S. v. Vanhook,* 182 N. C., 831. It is true that the act does not in express words authorize the exercise of this power, but in our opinion it appears by implication that the exercise of such power was intended.

The manifest purpose of the law is to promote the health, comfort, and safety of the people by regulating plumbing and heating in public and private buildings. The business of putting into buildings tanks, pipes, traps, fittings and fixtures for conveying water, gas, and sewage requires proficiency and skill, the want of which is the source of epidemics, as the lack of proper heating is the source of danger, discomfort and disease. To require proficiency and skill in the business mentioned is, as this Court has said, an exercise of the police power "for the protection of the public against incompetents and impostors." *S. v. Call,* 121 N. C., 643. It is upon this principle that the Legislature has required a license of physicians, surgeons, osteopaths, chiropractors, chiropodists, dentists, opticians, barbers, and others, and the right to exercise the power is generally conceded to be unquestionable. Public Laws, 1931, chap. 427, sec. 109; Public Laws, 1929, chap. 345, sec. 140 *et seq.; S. v. Call, supra; S. v. Lockey,* 198 N. C., 551.

The second proposition involves the question whether the act makes an arbitrary and unjust classification for the purpose of taxation.

All taxes on property in this State for the purpose of raising revenue are imposed under the rule of uniformity. In express terms the Constitution requires that laws shall be passed taxing real and personal property, except such as is exempt, by a uniform rule. Art. V, sec. 3. The same section provides that the General Assembly may tax trades and professions; and while this clause does not expressly apply the rule of uniformity to taxes imposed on trades and professions it has been judicially determined that the rule applies to these taxes as well as to taxes on property. *Gatlin v. Tarboro,* 78 N. C., 119; *Worth v. R. R.,* 89 N. C., 291; *S. v. Williams,* 158 N. C., 611; *Tea Co. v. Doughton,* 196 N. C., 145; *Tea Co. v. Maxwell,* 199 N. C., 433.

If the classification of the subjects of taxation, provided for in the act under consideration, is not arbitrary and unjust it cannot be re-

ROACH *v.* DURHAM.

garded in law as a breach of the rule of uniformity. The plaintiff bases his argument in support of unreasonable discrimination chiefly on the provision that the act does not apply to persons engaged in the business of plumbing or heating in towns or cities having a population of not more than thirty-five hundred. This, he says, is class legislation.

Uniformity of taxation is accomplished when the tax is levied equally and uniformly on all subjects in the same class. The right to classify imports a difference in the subjects of taxation. "It is within the legislative power to define the different classes and to fix the license tax required of each class. All the licensee can demand is that he shall not be taxed at a rate different from others in the same occupation as classified by the legislative enactment." *S. v. Stevenson,* 109 N. C., 730. Classification by population is not in itself arbitrary, unreasonable, or unjust. It was approved in *S. v. Lockey, supra,* in which an act to regulate the practice of barbering was made applicable only to barber shops maintained in cities and towns having a population of "two thousand or more." Public Laws, 1929, chap. 119, sec. 23. Similar classifications were approved in *Douglas v. People* (Ill.), 8 L. R. A. (N. S.), 1116, and in *Beltz v. Pittsburgh* (Pa.), 61 Atl., 78.

The act does not create a monopoly. As was said in *S. v. Call, supra,* "The door stands open to all who possess the requisite age and good character and can pass the examination which is exacted of all applicants alike." Upon the principle stated in the same case persons engaged in the business at the time the act went into effect were entitled to a license or to a renewal thereof upon payment of the annual fee. Referring to the subject the Court said: "It was fair to assume that those already in the practice (of medicine), many of whom have grown gray in the service of humanity and the alleviation of suffering, had already received that public approbation which was a sufficient guaranty of their competency."

The provision that a corporation or partnership may engage in the business of plumbing and heating provided one or more persons connected with such corporation or partnership is registered and licensed is justified on the principle that a corporation or partnership may, for example, carry on the business of a druggist provided one or more persons connected with the business is a licensed pharmacist. C. S., 6658.

We are of opinion that the act in question is not in conflict with the State or Federal Constitution. Judgment

Affirmed.