STATE v. T. A. RAZOOK.

(Filed 12 May, 1920.)

1. **Criminal Law—Mayor's Court—Appeal— Bill— Warrant— Solicitor's Discretion.**

It is within the discretion of the solicitor to send a bill to the grand jury on appeal from a judgment of the mayor of a town imposing a penalty for the violation of its ordinance, instead of trying the case on the warrant.

2. **Municipal Corporations—Cities and Towns—Ordinances—Publication —Actual Notice—Criminal Law.**

The requirement of the charter of a city or town that its ordinances shall be printed and published, is to bring it to the attention of the public, and where personal notice has been given to an offender thereunder who afterwards commits the offense prohibited, the requirement of publication, etc., is not necessary for a conviction.

3. **Municipal Corporations—Cities and Towns—Ordinances—Certification —Evidence—Statutes.**

The certification of a town ordinance as required by Rev., 1595, is only *prima facie* evidence of its existence, and this is unnecessary when the ordinance has been proven by the production of the official records of the town by the proper officer, which shows its passage.

4. **Evidence—Nonsuit—Municipal Corporations—Cities and Towns—Ordinances.**

Where it is shown by the defendant's own evidence that he was knowingly engaged in the business of auctioneering in a town without having taken out the license required by a valid ordinance, a judgment as of nonsuit will be refused.

5. **Municipal Corporations—Cities and Towns—Ordinances—Penalties— Statutes.**

The violation of a valid town ordinance is made a misdemeanor by Rev., 3702, and the defense that the ordinance did not prescribe a penalty therefor, is untenable.

6. **Constitutional Law—Discrimination—Taxation—Ordinances—Municipal Corporations—Cities and Towns.**

A town ordinance requiring a license tax from those selling merchandise at auction within the town limits, whether conducted within or without a building is not rendered discriminatory by the violator thereof being the only one in the town engaged in the business, or by a provision excepting a person thus selling his own goods, not more than one day in six months.

7. **Constitutional Law—Taxation—License Tax—Prohibition—To Business—Municipal Corporations—Cities and Towns—Ordinances—Evidence—Questions for Jury.**

While a town ordinance imposing a tax upon one conducting a business of auctioneering within its limits may not place the tax so unreasonably high as to prohibit a lawful business, the statement of the amount of the

penalty alone may not ordinarily be sufficient to prove its invalidity as a matter of law, and it is *Held*, under the circumstances of this case, it would have been a question of fact for the jury had the defendant relied thereon as a defense and presented his evidence; and *semble*, the Court gave the defendant the benefit of setting up a *bona fide* belief in defense of the action, by suspending judgment and imposing a small fine, etc.

APPEAL from *Webb, J.,* at September Term, 1919, of HENDERSON.

The defendant was convicted on an appeal from the mayor of the town of Hendersonville of auctioning goods without having obtained a license as required by the ordinance of said town. On appeal the solicitor sent a bill of indictment instead of trying on the warrant. Beyond an exception to evidence, the only question presented is the validity of the ordinance. Ordinance No. 76 of the town specifies among the privilege taxes levied upon the business, trades, and professions operated within the city of Hendersonville, that "Every person, firm, or corporation engaged in the business of selling any kind of merchandise, at auction, within the corporate limits of the city of Hendersonville, whether said business is conducted within or without buildings, shall pay a license or privilege tax of $400," and requires that before offering to sell any goods at auction he shall obtain from the treasurer of the city a license for one year, which shall be revocable by the commissioners, for good cause shown, with provision that the treasurer before issuing the license shall make diligent inquiry as to the character, reputation, and business methods of the applicant, and that if the treasurer shall refuse to grant the license, the applicant shall have the right to lay his application before the mayor and board of commissioners, and if they shall refuse to order license to issue, the applicant may appeal to the resident judge of the district, and if he shall refuse, then the applicant may have his petition passed upon by a jury in the Superior Court, with further provision that the ordinance shall not apply to judicial sales, or sales to wind up estates, or to sales conducted by a citizen, not regularly engaged in auctioneering, to dispose of household goods, or other goods and animals, such sales not to last beyond one day in six months.

The legislative authority under which the ordinance was enacted is sec. 32, ch. 352, Pr. Laws, 1913, and is as follows: "The city shall have power to license, tax, and regulate merchants, commission merchants, hotels, inns, boarding-houses, restaurants, markets, brokers, money brokers, auctioneers and auction houses, and stores or shops where the principal business is selling goods by auction, itinerant merchants, or peddlers, pawnbrokers, junk dealers, and junk-shops, dealers in second-hand goods and merchandise of any kind, and all other business or trades or occupation as may be the proper subject of police tax or license

regulation; and may pass appropriate ordinances with appropriate penalties for the enforcement or collection of such tax, license, or regulation."

From the verdict and judgment the defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*McD. Ray and O. V. F. Blythe for defendant.*

CLARK, C. J. Whether the solicitor should send a bill to the grand jury and try the defendant upon the indictment, or upon the original warrant, was a matter entirely within his discretion. *S. v. Quick,* 72 N. C., 243; *S. v. Crook,* 91 N. C., 542; *S. v. Thornton,* 136 N. C., 616.

The first assignment of error is that the Court permitted the introduction of the ordinance, though it was not printed and published as required by the city charter. This was required to bring notice of the ordinance to the attention of the public, but it is shown here, and not contradicted, that personal notice of the ordinance was served on the defendant. The defendant further excepted because the paper-writing was not certified by the mayor, as required by Rev., 1595. But that section merely provides that such certificate shall be *prima facie* evidence, and such certificate is not necessary when the ordinance is proven, as here, by the production by the proper officer of the official records of the town, showing its passage and the entry on the records of the ordinance itself.

The other assignment of error is to the refusal of a judgment of nonsuit. Upon the defendant's own testimony he was doing business as an auctioneer, without taking out license, as required by this ordinance; and he continued his sale of goods by auction after personal notice of its existence and purport.

Nor is it any defense that the ordinance does not prescribe the penalty for its violation, for under Rev., 3702, the violation of a valid ordinance is a misdemeanor. The evidence was sufficient to be submitted to the jury, that the auctioneering done by the defendant was a violation of the ordinance.

The defendant further contends that the ordinance was invalid because discriminatory and unreasonable. It was not discriminatory on its face, for it applies to every person, firm, or corporation engaged in selling by auction any kind of merchandise in the city of Hendersonville conducted within or without buildings. It is immaterial whether or not the defendant was the only person in the town of Hendersonville whose principal business was auctioning goods. The exception of a person selling his own goods, not more than one day in six months, is not a

discrimination, for the license tax is on the business.    S. v. Kirkpatrick, post, 747.

Nor does it appear that the ordinance was unreasonable.    The town clearly had the legislative authority under sec. 32, ch. 352, Pr. Laws 1913, to impose such tax.    While this does not authorize a license fee so high as to amount to a prohibition of the particular business, 4 Cyc., 1039, we could not hold as a matter of law that in a town the size of Hendersonville, a well known summer resort, the tax here required ($400) is so unreasonable as to prohibit the business, in the absence of evidence to that effect.

In 17 R. C. L., 537, it is said: "Ordinarily, however, this discretionary authority in respect of licenses is conferred on the municipal authorities, and it is a rule that whether the license be imposed as a police regulation or as a revenue measure the courts will not review the action of the lawmakers unless an abuse of such discretion is obvious."

In Minnesota v. Martin, 51 L. R. A. (N. S.), 40: "If, however, it be conceded that the courts have power to declare a municipal ordinance levying a license tax on business invalid on the ground that the tax imposed is so oppressive and unreasonable as to amount to confiscation, rather than taxation, they will not determine the question by mere inspection of the amount of the tax imposed.    All presumptions and intendments are in favor of the validity of the tax;  .  .  .  in other words, the mere amount of the tax does not prove its invalidity."

The defendant testified that he did not sell more than one-fifth of his goods by auction, and contends that his principal business was not selling goods by auction, and therefore the tax upon him was not authorized by the statute, but there was evidence for the State that he carried on the auctioneering day and night up to 9 and 10 o'clock at night; that at his auctions his place of business was crowded and that he had no counters in his store, and did not sell goods like merchants.    This was a question of fact for the jury, and he did not ask a finding upon it in his favor.    Besides, the authority conferred by the statute is to license not only "stores and shops where the principal business is selling goods by auction," but also upon "auctioneers and auction houses."

The defendant did not tender evidence nor ask the court to instruct the jury that the fine was excessive or unreasonable, or intended to prohibit the business, or that it was discriminatory.    If the defendant was making his defense in the bona fide belief that the ordinance was invalid, the court gave him the benefit of his contention by suspending the judgment upon the payment of a fine of $5, and the payment of the license fee prescribed by the statute.

No error.