W. C. CLARK v. A. J. MAXWELL, COMMISSIONER OF REVENUE OF
NORTH CAROLINA.

(Filed 30 October, 1929.)

**Taxation A d—Classification of trucks, etc., for taxation in accordance
with distance between termini is constitutional and valid.**

The statute classifying trucks, etc., hauling freight for hire for license
taxes in accordance with the distance of route along the State's highway
is held to be upon a reasonable and substantial basis, and there being no
constitutional inhibition against such classification, it is held not to be
discriminatory contrary to the provisions of our State Constitution, Art. V,
sec. 3, or section 1, Fourteenth Amendment to the Constitution of the
United States.

APPEAL by defendant from *Harris, J.,* at April Term, 1929, of WAKE.
Reversed.

Action to recover a sum of money paid by plaintiff, under protest,
to defendant, as a license tax, for the privilege of engaging in the busi-
ness of operating a motor-propelled truck for the transportation of
property over the public highways of this State, for compensation.

Payment of said license tax was demanded by defendant, as Commis-
sioner of Revenue of this State, under the provisions of subsection 3,
section 165, chapter 345, Public Laws of North Carolina, 1929. This
chapter is entitled "An act to raise revenue." Section 165 of said act
is included under Schedule B, which is entitled "License Taxes." Sub-
section 3 of said section is in words as follows:

"Every person, firm or corporation, their lessees, trustees or receivers,
engaged in the business of operating automobiles, or other motor vehicles,
trucks, tractors, trailers or semi-trailers, for the transportation of prop-
erty over the public highways of this State for compensation between
termini for a distance of greater than fifty (50) miles, either upon
call, prearrangement, contract, lease or other arrangement, shall apply
for and procure from the Commissioner of Revenue a State license for
the privilege of engaging in such business, and shall pay for such license
an annual tax as follows:

For each such motor-propelled vehicle, truck, trailer or semi-trailer
of a rated carrying capacity of less than three tons, at the rate of forty-
five dollars ($45) per ton.

For such motor-propelled vehicle, truck, tractor, trailer or semi-trailer
of a rated carrying capacity of three tons or over at the rate of seventy-
five dollars ($75) per ton."

Plaintiff is a citizen of this State, and the owner of a one-ton, motor-
propelled truck. He is engaged in the business of operating said truck
for the transportation of property over the public highways of this

State, for compensation. He operates said truck sometimes between termini which are less, and sometimes between termini which are more than fifty (50) miles distant from each other, dependent upon the special contract or arrangement made by him with each customer.

He was engaged in such business on 1 June, 1929, and since said date he has continued, and now proposes to continue in such business. Upon defendant's demand, plaintiff has paid to defendant the sum of forty-five dollars ($45), for which sum a State license has been issued to him, in accordance with the provisions of subsection 3, section 165, chapter 345, Public Laws of North Carolina, 1929.

Plaintiff conceded that he was liable, under subsection 2, section 165, chapter 345, Public Laws of North Carolina, 1929, for a license tax of fifteen dollars. He contended that he is not liable for a license tax, under subsection 3, section 165, chapter 345, Public Laws of North Carolina, 1929, for the reason that said statute is unconstitutional and void. Plaintiff paid to defendant the sum of thirty dollars, under protest.

This action to recover the sum of thirty dollars was begun in the court of a justice of the peace of Wake County, and was heard in the Superior Court of said county, upon plaintiff's appeal from the judgment of said court.

From the judgment in accordance with the opinion of the court that the statute, under which the license tax was demanded by defendant and paid by the plaintiff, is unconstitutional and void, defendant appealed to the Supreme Court.

*Albion Dunn for plaintiff.*
*Attorney-General Brummitt and Assistant Attorney-General Nash for defendant.*

CONNOR, J. The only question presented for decision by this appeal is whether the statute under which plaintiff has been required to pay a license tax for the privilege of engaging in the business of operating a motor-propelled truck for the transportation of property over the public highways of this State, for compensation, is in violation of section 3 of Article V of the Constitution of North Carolina, or of section 1 of the Fourteenth Amendment of the Constitution of the United States.

Plaintiff contends that the license tax which he has been required to pay under the provisions of the statute is not uniform, in that the said license tax exceeds the amount of the tax imposed by other statutes upon persons engaged in the same business, and that, therefore, the statute is in violation of section 3 of Article V of the Constitution of North Carolina.

Plaintiff further contends that the enforcement of the said statute deprives him of his property without due process of law, and of the equal protection of the law, in that he is required by its provisions to pay a larger sum of money as a license tax than is required of others engaged in the same business, and similarly situated, and that, therefore, the statute is in violation of section 1 of the Fourteenth Amendment of the Constitution of the United States.

In reply to the contrary contentions of defendant, plaintiff alleges that the classification made by the statute for the purpose of taxation, is unreasonable and arbitrary in that there is no just or reasonable ground for the classification. If these contentions of the plaintiff are well founded, the judgment should be affirmed; otherwise it must be reversed.

Upon full consideration of these contentions, and of the principles of law, established by authoritative decisions of this Court and of the Supreme Court of the United States, we are of opinion that they are not well founded, and that the judgment must be reversed.

There is no express provision in the Constitution of North Carolina that taxes levied by the General Assembly of this State, on trades, professions, franchises or incomes, as authorized by section 3 of Article V of said Constitution, shall be uniform. The rule of uniformity, as therein prescribed, is applicable only to taxes on property, real or personal, including moneys, credits, investments in bonds, stocks, joint-stock companies or otherwise. It is well settled, however, that a tax imposed or authorized by the General Assembly on trades, professions, franchises or incomes, not uniform, as properly understood, cannot be sustained for the reason that such tax is inconsistent with natural justice. *S. v. Williams,* 158 N. C., 610, 73 S. E., 1000. The rule of uniformity, as applied to such taxes, does not deprive the General Assembly of the power to classify the subjects of taxation, for the purpose of prescribing a different rule of taxation for each class, and of imposing upon such subjects falling within the several classes a different rate of taxation. The only limitation upon this power is that the classification must be founded upon reasonable, and not arbitrary, distinctions. The rule is authoritatively stated by *Hoke, J.,* in *Land Company v. Smith,* 151 N. C., 70, 65 S. E., 641, as follows:

"The power of the Legislature in this matter of classification is very broad and comprehensive, subject only to the limitation that it must appear to have been made upon some 'reasonable ground—something that bears a just and proper relation to the attempted classification, and not a mere arbitrary selection.'"

Upon this principle, the classification made by the General Assembly of this State for purposes of taxation of persons, firms or corporations engaged in the business of operating motor-propelled vehicles, for the

transportation of property on the public highways of the State, for compensation, must be sustained. All persons, firms or corporations engaged in such business are required to pay a license tax. None are exempt. The amount of the tax is determined by the class in which each person, firm or corporation is included. The distinction between those who transport property over the public highways of the State, for compensation, between termini which are less than fifty (50) miles distant from each other (subsection 2, section 165, chapter 343, Public Laws 1929), and those who transport property over said highways also for compensation sometimes between termini which are less, and sometimes between termini which are more than fifty (50) miles distant from each other, dependent upon the contract with each customer (subsection 3, section 165, chapter 345, Public Laws 1929) is, we think, reasonable and not arbitrary. The privilege of engaging in the latter business is more valuable than the privilege of engaging in the former business, only. The service furnished by the State to the former is less expensive than the service furnished to the latter. It cannot be said that it is unjust for the State to require a larger license tax to be paid by the licensee who acquires by his license the more valuable privilege, at a greater cost to the State. We cannot hold as a matter of law that the classification made in this instance by the General Assembly is void, for that the line separating the two classes is arbitrary. As said by *Justice Holmes,* in his opinion in *Louisville Gas & E. Co. v. Coleman,* 277 U. S., 32, 72 L. Ed., p. 775: "When a legal distinction is determined, as no one doubts it may be, between night and day, childhood and maturity, or any other extremes, a point has to be fixed or a line has to be drawn, or gradually picked out by successive decisions, to mark where the change takes place. Looked at by itself, without regard to the necessity behind it, the line or point seems arbitrary. It might as well, or nearly as well, be a little more to one side or the other. But when it is seen that a line or point there must be, and that there is no mathematical or logical way of fixing it precisely, the decision of the Legislature must be accepted, unless we can say that it is very wide of a reasonable mark."

It has been held in numerous cases by the Supreme Court of the United States, whose decisions are authoritative with us upon the question as to whether the statute involved in the instant case is in violation of section 1 of the Fourteenth Amendment of the Constitution of the United States, that the provisions of said section do not forbid classification by the State of subjects of taxation, and that the power of the State to classify for purposes of taxation is of wide range and flexibility, subject only to the limitation that the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all

persons similarly circumstanced shall be treated alike: *Louisville Gas & E. Co. v. Coleman,* 277 U. S., 32, 72 L. Ed., 770, and cases cited. In *Brown-Forman Co. v. Kentucky,* 217 U. S., 563, 54 L. Ed., 883, it is said: "A very wide discretion must be conceded to the legislative power of the State in the classification of trades, callings, businesses, or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law."

Upon these principles, it must be held that the statute involved in this action is not in violation of the provisions of section 1 of the Fourteenth Amendment of the Constitution of the United States.

The General Assembly of this State, for purposes of taxation, has classified all persons, firms or corporations engaged in the business for which a State license is required by statute. The distinction made between the several classes, in accordance with said classification, rests upon reasonable grounds, having a substantial relation to the objects of the legislation. Having made a valid classification, the General Assembly had the power, which it has exercised in its legislative discretion, to prescribe different methods of determining the amount of the license tax imposed upon the subjects of the taxation, falling within the several classes, and to impose a license tax of varying amount upon such subjects of taxation. There is no provision of the Constitution either of this State or of the United States, which forbids the General Assembly to exercise this power. The statute is valid; upon the agreed statement of facts, plaintiff was liable for the license tax paid by him upon the demand of the defendant. He is therefore not entitled to recover in this action.

The distinction between the statute involved in this case, and the statute which we held void in *Tea Co. v. Doughton,* 196 N. C., 145, 144 S. E., 701, is, we think, obvious. The classification made, as contended by the defendant in that case, was not founded upon any reasonable or substantial ground. That statute also unjustly discriminated between the plaintiffs, who owned and operated six or more stores, all of which were taxed, and other merchants, who owned and operated five or less stores, all of which were exempt from the tax imposed by the statute upon plaintiffs. In this case the classification, for purposes of taxation, is reasonable, and there is no exemption. There is, therefore no unjust discrimination. The judgment in this case is

Reversed.